UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GILLETTE COMPANY,<br><br>               Plaintiff,<br><br>     v.<br><br>EDUARDO MEDINA, as an individual and d/b/a drinks4almed, MARCIA MEDINA, as an individual and d/b/a drinks4almed, JACQUELINE MEDINA, as an individual and d/b/a drinks4almed, JOSEPHINA M. MEIJA, as an individual and d/b/a drinks4almed, JOSE A. MEDINA, as an individual and d/b/a drinks4almed, LEONARDO A. JOB, as an individual and d/b/a drinks4almed, MARIANNE JOB, as an individual and d/b/a drinks4almed, and UNKNOWN JOHN DOE(S) AND JANE DOE(S),<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION<br>NO. 1:16-cv-10018 |

## COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

This is an action by plaintiff The Gillette Company (hereinafter "Gillette"), by and through counsel, for claims against defendants Eduardo Medina, as an individual and d/b/a drinks4almed, Marcia Medina, as an individual and d/b/a drinks4almed, Jacqueline Medina, as an individual, Josephina M. Meija, as an individual Jose A. Medina, as an individual, Leonardo A. Job, as an individual, Marianne Job, as an individual, and other currently unknown John Doe and Jane Doe defendants involved with drinks4almed (such defendants collectively referred to as "Defendants"), as well as additional John and Jane Doe defendants yet to be identified, seeking injunctive relief and damages from Defendants for their willful infringement of Gillette's trademark and design patent rights, conversion, replevin, for civil conspiracy, and for unjust

enrichment.

## PARTIES

1.      The Gillette Company is a corporation licensed in the state of Delaware, with its principal place of business at One Gillette Park, Boston, Massachusetts, 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter "P&G"), a corporation licensed in the state of Ohio.  Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Fed. R. Civ. P. 7.3.

2.      Upon information and belief, Defendants Eduardo Medina and Marcia Medina, operating individually, with the other Defendants, and also as "drinks4almed" as an unincorporated entity, and Jacqueline Medina, Josephina M. Meija, Jose A. Medina, Leonardo A. Job, and/or Marianne Job, all of the foregoing entities associated with the address of 103 Central Street, Lowell, MA 01852-1907, and operating either individually, in conjunction with each other, and/or in conjunction with other currently unknown John Doe(s) and/or Jane Doe(s).

3.      Upon information and belief, Defendant Eduardo Medina is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

4.      Upon information and belief, Defendant Marcia Medina is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

5.      Upon information and belief, Defendant Jacqueline Medina is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

6.      Upon information and belief, Defendant Josephina M. Meija is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

7.      Upon information and belief, Defendant Jose A. Medina is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

8.     Upon information and belief, Defendant Leonardo A. Job is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

9.     Upon information and belief, Defendant Marianne Job is a resident of Massachusetts with a last known address of 103 Central Street, Lowell, MA 01852-1907.

10.    Upon information and belief, one or more Defendants John Doe(s) and/or Jane Doe(s) (whose names and addresses are unknown) are individuals who at all times relevant hereto engaged in the illegal activities identified and described in this Complaint with the other Defendants.

11.    Upon information and belief, one or more Defendants John Doe(s) and/or Jane Doe(s) (whose names and addresses are unknown) have acted in concert with the Defendants to commit the acts set forth herein.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as John Does and Jane Does are presently unknown to Gillette, who therefore sues said Defendants by such fictitious names.  Gillette will seek leave to amend this Complaint to allege the true names of such John Does and Jane Does when the same have been ascertained. Upon information and belief, Gillette alleges that each of the fictitiously named Defendants participated in some or all of the acts alleged in this Complaint.

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction over the trademark and patent claims in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as the claims arise under the patent and trademark laws of the United States including, but not limited to, Patent Act, 35 U.S.C. § 271 and Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

14.    This Court has supplemental jurisdiction over the state law claims for conversion,

replevin, civil conspiracy, and unjust enrichment pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims within the Court's original jurisdiction that such state law claims form part of the same case or controversy, under Article III of the United States Constitution.

15.     This Court further has original jurisdiction over all of the claims asserted in this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

16.     This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4 and under M.G.L. c. 223A, §§ 1-3 because Defendants, upon information and belief, reside and/or transact business in the state of Massachusetts, have committed the acts alleged in this Complaint in Massachusetts and/or have regularly solicited business or derived substantial revenue from the stolen and/or infringing goods promoted, advertised, sold, used, and/or consumed in the state of Massachusetts and specifically have sold such razor blades/cartridges and dispensers/containers for razor cartridges that are stolen and/or infringe Gillette's intellectual property in the state of Massachusetts and have thus purposefully availed themselves of the privilege of doing business in the state of Massachusetts.

17.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### A.     Overview of Plaintiff Gillette

18.     Gillette is in the business of, among other things, developing, designing, advertising, and marketing personal care/grooming products for men and women. These personal care/grooming products include a variety of shaving products for men. Gillette, as part of the P&G family, is the global market leader in razors, shaving, and razor blade and shaving

products.

19.     For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blades under the Fusion® brand (including Fusion®, Fusion® Power and Fusion® ProGlide™ brands).

20.     Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its trademarks and its unique, nonfunctional, and distinctive product designs.

21.     Gillette is the owner of several federal registrations relating to its distinctive and famous family of Gillette® trademarks for a variety of goods.

22.     Gillette is the owner of the entire right, title, and interest in and to U.S. Registration No. 0,767,865 for GILLETTE, registered April 7, 1964, for "safety razors and safety razor blades" in International Class 8, US Class 23 (hereinafter the "GILLETTE MARK").  A true copy of the registration is attached hereto as *Exhibit A*.  This registration is valid, subsisting, and incontestable.

23.     Gillette is the owner of the entire right, title, and interest in and to U.S. Registration No. 3,099,224 for FUSION, registered May 30, 2006 for "razors and razor blades; dispensers; cassettes; holders and cartridges; all containing blades; and structural parts thereof" in Class 8 (hereinafter the "FUSION MARK").  A true copy of the registration is attached hereto as *Exhibit B*.  This registration is valid, subsisting, and incontestable.

24.     Gillette has engaged in open, notorious, and extensive widespread promotion and advertising of its GILLETTE MARK and FUSION MARK for a variety of goods including razors, razor blades, razor cartridges, and razor dispensers.

25.     Gillette has expended substantial amounts of time, money, and effort in

advertising and promoting its GILLETTE MARK and FUSION MARK over many years, and in establishing and preserving the goodwill associated therewith, and the goodwill associated with each of the GILLETTE MARK and FUSION MARK is a valuable asset to Gillette.

26.     Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D531,518 S ("'518 Patent"), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges."  A true copy of the '518 Patent is attached hereto as *Exhibit C*.

27.     Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D533,684 ("'684 Patent"), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge."  A true copy of the '684 Patent is attached hereto as *Exhibit D*.

28.     The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518 Patent.

29.     The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '684 Patent.

30.     Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges.

31.     Gillette has established exclusive manufacturing and distribution networks for important and legitimate business reasons: protecting the validity of its intellectual property, including its trademarks and design patent rights, maintaining assurance of quality control, and avoiding product liability claims.

32.     Gillette marks its razor blades/cartridges with lot numbers that can be used to

identify the manufacturing site and date at which the product was manufactured.

**B.**      **Overview of Leonardo A. Job and the John & Jane Doe Defendants**

33.     Upon information and belief, certain unknown John and Jane Doe Defendants unlawfully obtained unknown quantities of Gillette Fusion® brand razor cartridges from Gillette's manufacturing facility in South Boston, Massachusetts.

34.     Upon information and belief, these unknown John and Jane Doe Defendants supplied such unlawfully obtained Fusion® razor cartridges to Leonardo A. Job.

35.     Upon information and belief, Leonardo A. Job knowingly came into possession of such unlawfully obtained Fusion® razor cartridges.

36.     Upon information and belief, Leonardo A. Job knew upon coming into possession of such unlawfully obtained Fusion® razor cartridges that the razor cartridges had been unlawfully obtained from Gillette.

37.     Upon information and belief, Leonardo A. Job sold such unlawfully obtained Fusion® razor cartridges to others, both individually and through the other Defendants including, but not limited to, the eBay seller named "drinks4almed."

38.     Upon information and belief, the Defendants, through Leonardo A. Job and through sales on eBay, received payment for these unlawfully obtained Fusion® razor cartridges.

**C.**      **Overview of all other named Defendants**

39.     Upon information and belief, the other named Defendants, either individually or in conjunction with each other, conduct business through the online retailer eBay.com, under the seller name "drinks4almed" and deliver goods purchased from this seller under the names "drinks4almed" and "M. Medina".  Attached as *Exhibit E* is a screenshot of a listing of Fusion® razor cartridges offered for sale on eBay.com under the seller name "drinks4almed."

40.     Upon information and belief, Defendants offer for sale, via ebay.com, a variety of products, including razor blade cartridges, and dispensers/containers for razor blade cartridges that it claims are authentic Gillette Fusion® razor blade cartridges.

41.     In the summer of 2015, Gillette became aware that Defendants were selling these Gillette Fusion® razor blades under the eBay seller name "drinks4almed."

42.     Upon information and belief, sales made through this eBay seller name are shipped from the Defendants' Central Street address, and the return address of such sales lists "M. Medina" as the sender.

43.     Upon information and belief, the Gillette Fusion® razor cartridges sold under the eBay seller "drinks4almed" were sold at a substantial discount from the market price of these products.

44.     Gillette arranged for purchases of samples of the Gillette Fusion® razor cartridges sold by "drinks4almed" on eBay.com.

45.      The samples of the Gillette Fusion® razor cartridges sold by "drinks4almed" were delivered without any Gillette retail packaging; instead, the razor cartridges came housed only in the plastic cartridge dispensers that each hold four individual razor blade cartridges.

46.     Gillette examined Fusion® razor cartridges received from "drinks4almed" and upon information and belief, finds that these products were also stolen goods.

47.     On November 5, 2015, Gillette, through counsel, sent a letter via Federal Express and electronic mail to Marcia Medina and Eduardo Medina at the 103 Central Street, Lowell, MA 01852 address, notifying them that the Gillette Fusion® razor cartridges sold by "drinks4almed" and distributed by "M. Medina" were stolen goods and demanding, *inter alia,* that such Defendants cease the sale of such stolen goods.  A true copy of the letter is attached

hereto as *Exhibit F*.

48.     Upon information and belief, Defendants obtained these stolen goods through Leonardo A. Job as described above, as well as one or more presently-unknown third parties with an intent to resell such products without the consent of, and without paying value to, Gillette.

49.     Upon information and belief, the Defendants also received payment from Defendant Leonardo A. Job for stolen Gillette goods sold to third parties via Leonardo A. Job with such payments associated with the Defendants and with the Defendants' 103 Central Street, Lowell, MA 01852 address.

## COUNT I
## (Trademark Infringement of Registered Trademark "GILLETTE")

50.     Gillette restates and realleges paragraphs 1-49.

51.     Gillette is the owner of U.S. Registration No. 0,767,865, for the GILLETTE MARK, which is valid, enforceable, and uncontestable.

52.     The Defendants have used the GILLETTE MARK in connection with the unauthorized sale, offering for sale, distribution or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on eBay through the seller name "drinks4almed" and by and through the unauthorized sale of such unauthorized goods via Defendant Leonardo A. Job to third parties.

53.     Each such use of the GILLETTE MARK by Defendants was without authorization, approval, or license by Gillette.

54.     As a direct and proximate result of Defendants' actions, Gillette is entitled to recover Defendants' illicit profits from the infringement, Gillette's actual damages, Gillette's

costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

55.     Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendants.

56.     Gillette has suffered damages in an amount to be proven at trial from the Defendants' illegal and unauthorized acts.

## COUNT II
## (Trademark Infringement of Registered Trademark "FUSION")

57.     Gillette restates and realleges paragraphs 1-56.

58.     Gillette is the owner of U.S. Registration No. 3,099,224, for the FUSION MARK, which is valid, enforceable, and uncontestable.

59.     The Defendants have used the FUSION MARK in connection with the unauthorized sale, offering for sale, distribution, or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on eBay through the seller name "drinks4almed" and by and through the unauthorized sale of such unauthorized goods via Defendant Leonardo A. Job to third-parties.

60.     Each such use of the FUSION MARK by the Defendants was without authorization, approval, or license by Gillette.

61.     As a direct and proximate result of Defendants' actions, Gillette is entitled to recover Defendants' illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

62.     Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendants.

63.     Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

### COUNT III (Patent Infringement of '518 Patent)

64.     Gillette restates and realleges paragraphs 1-63.

65.     Gillette is the owner of the '518 Patent, which is valid and enforceable.

66.     Gillette has not authorized any Defendants to sell or offer for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof.

67.     Upon information and belief, all Defendants have infringed, and continue to infringe, the '518 Patent by selling, and/or offering for sale unauthorized dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the drinks4almed Defendants' unauthorized sale of such unauthorized goods on eBay through the seller name "drinks4almed" and by and through the unauthorized sale of such unauthorized goods via Defendant Leonardo A. Job to third-parties.

68.     Defendants' deliberate and willful actions in infringing the design of Gillette's '518 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

69.     Defendants have also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial as a result of Defendants' willful infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

70.     Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**COUNT IV (Patent Infringement of '684 Patent)**

71.     Gillette restates and realleges paragraphs 1-70.

72.     Gillette is the owner of the '684 Patent, which is valid and enforceable.

73.     Gillette has not authorized Defendants to sell or offer for sale razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof.

74.     Upon information and belief, Defendants have infringed, and continue to infringe, the '684 Patent by selling and/or offering for sale unauthorized razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the sale of such unauthorized goods by the Defendants on eBay through the seller name "drinks4almed" and by the unauthorized sale of such unauthorized goods via Defendant Leonardo A. Job to third-parties.

75.     Defendants' deliberate and willful actions in infringing the design of Gillette's '684 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

76.     Defendants have also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial, as a result of Defendants' willful infringement of Gillette's '684 Patent pursuant to 35 U.S.C. §§ 284 and 289.

77.     Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs. .

**COUNT V (Conversion)**

78.     Gillette restates and realleges paragraphs 1-77.

79.     Defendants wrongfully converted, for their own uses, a currently unknown quantity of Gillette Fusion® razor cartridges, the amount and value of which is to be proven at

trial.

80.     Upon information and belief, these Gillette Fusion® razor cartridges were stolen from Gillette by unknown John Doe(s) and/or Jane Doe(s).

81.     Defendants sold such Gillette Fusion® razor cartridges through various means, including, but not limited to, the website eBay.com, using the seller name "drinks4almed" and via Defendant Leonardo A. Job to third-parties.

82.     Defendants knew or should have known such products were stolen.

83.     Defendants made such sales without Gillette's knowledge or consent.

84.     Gillette has not received any benefit, monetary or otherwise, from the sale of these stolen goods.

85.     As a direct and proximate result of Defendants' wrongful conversion, Gillette has suffered damages from the Defendants' illegal and unauthorized acts the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT VI (Replevin)

86.     Gillette restates and realleges paragraphs 1-85.

87.     Gillette is the sole owner of the wrongfully detained Gillette Fusion® razor cartridges and is entitled to their immediate possession.

88.     Defendants are in possession of the wrongfully detained Gillette Fusion® razor cartridges and continues to detain the same from Gillette.

89.     Upon information and belief, Defendants' detention of the Gillette Fusion® razor cartridges is wrongful because these cartridges were stolen from Gillette.

90.     Upon information and belief, the amount and value of these Gillette Fusion® razor cartridges exceeds twenty dollars.

91.     As a direct and proximate result of Defendants' wrongful detainment, Gillette has suffered damages from the Defendants' illegal and unauthorized acts the actual amount to be proven at trial, plus pre and post judgment interest and costs, and seeks replevy of such goods.

## COUNT VII (Civil Conspiracy)

92.     Gillette restates and realleges paragraphs 1-91.

93.     The John and Jane Doe Defendants, Leonardo A. Job, and the other named Defendants worked together in a concerted plan to obtain and sell the stolen Gillette Fusion® razor cartridges.

94.     Each such defendant was knowingly involved in the conspiracy, and of its unlawful purpose of receiving monetary gain from products that were obtained illegally from Gillette.

95.     Each such defendant took actions, as set forth in the paragraphs stated above, to accomplish this unlawful plan.

96.     As a direct and proximate result of Defendants' conspiracy, Gillette has suffered damages from the Defendants' illegal and unauthorized acts the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT VIII (Unjust Enrichment)

97.     Gillette restates and realleges paragraphs 1-96.

98.     Defendants wrongfully received a benefit by way of their unauthorized receipt, and subsequent sale, of stolen Gillette Fusion® razor cartridges.

99.     Gillette has not received any compensation for the wrongful benefit received by Defendants from Defendants' receipt and sale of such stolen goods.

100.    If Defendants are not now required to pay Gillette in full for the value of such

stolen goods, Defendants will be unjustly enriched from their illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

WHEREFORE, Gillette prays for judgment against Defendants as follows:

(a)     In favor of Gillette and against the Defendants on all claims;

(b)     Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1116);

(c)     Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the '518 Patent and/or the '684 Patent (35 U.S.C. § 283);

(d)     Order an accounting for Gillette's damages and/or for Defendants' profits derived from and/or related to Defendants' infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1117) and Defendants' infringement of the '518 Patent and/or the '684 Patent (35 U.S.C. §§ 284 and 289);

(e)     Order an accounting for Gillette's damages related to the value of the converted property at the time of the conversion;

(f)     Order an accounting for Gillette's damages as a measure of Defendants' profits derived from Defendants' unjust enrichment;

(g)     Order an accounting for Gillette's damages for the civil conspiracy undertaken by Defendants;

(h)     Order an assessment of interest and costs against Defendants (35 U.S.C. § 283; 15 U.S.C. § 1117);

(i)     Order that Gillette is the owner and entitled to the immediate possession of the wrongfully detained property and that such property be delivered to Gillette;

(j)     Find this to be an exceptional case and to award reasonable attorneys' fees to

Gillette (35 U.S.C. §285; 15 U.S.C. § 1117);

(k)     Find that Defendants' infringement was intentional and thus treble damages and attorneys' fees are appropriate (15 U.S.C. § 1117(b)); and

(l)     Award Gillette such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Gillette demands a trial by jury for all claims so triable.

Respectfully submitted,

**THE GILLETTE COMPANY,**

By its attorneys,

    /s/                    Terry Klein
Terry Klein, BBO #652052
  tklein@henshon.com
Nicole Phillips, BBO #691130
  nphillips@henshon.com
HENSHON KLEIN LLP
120 Water Street, 2nd Floor
Boston, Massachusetts  02109
Dated:  January 7, 2016       Tel.: (617) 367-1800

*Of counsel:*

Karen Kreider Gaunt, Ohio Bar #0068418
  Karen.gaunt@dinsmore.com
Tammy L. Imhoff, Ohio Bar #0076720
  Tammy.imhoff@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street
Cincinnati, OH 45202
Tel.: (513) 977-8503
Fax: (513) 977-8141

*Counsel for Plaintiff The Gillette Company*